## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HOLLY QUASNEY,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
PH-0752-18-0163-I-1

DATE: July 10, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tyler Sroufe, Esquire, Dallas, Texas, for the appellant.

Andrew Linenberg, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency established nexus between the appellant's proven misconduct and the efficiency of the service and to clarify the appellant's burden for proving her affirmative defenses of sex and disability discrimination, we AFFIRM the initial decision.

## BACKGROUND

The agency removed the appellant from her GS-12 Supervisory Management Analyst position based on a charge of lack of candor after she submitted two pieces of fraudulent medical documentation in support of a request for extended sick leave. Initial Appeal File (IAF), Tab 11 at 18-36. The appellant appealed her removal to the Board. IAF, Tab 1. In an initial decision issued based on the written record because the appellant withdrew her request for a hearing, *id.* at 2; IAF, Tab 23 at 4, the administrative judge found that the agency proved its charge by preponderant evidence, the appellant failed to prove her affirmative defenses of sex and disparate treatment disability discrimination, and the penalty of removal was reasonable, IAF, Tab 37, Initial Decision (ID) at 23-40.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition for review.[2] PFR File, Tab 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved its charge of lack of candor by preponderant evidence.</u>

The appellant contends on review that the administrative judge erred in sustaining the charge. The administrative judge thoroughly considered the appellant's various, and sometimes contradictory, explanations behind the submission of the two documents in question and determined that they were "so implausible and lacking in credibility as to border on being a lack of candor to the Board." ID at 25-31. We find that, contrary to the appellant's allegations on review, the administrative judge properly considered the *Hillen* factors.[3] Furthermore, the administrative judge's thorough analysis in the initial decision reflects that he applied the correct legal standard, considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions; we discern no reason to reweigh the evidence or substitute the Board's own judgment on credibility issues. *See Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987). Thus, the administrative judge properly found that the agency proved its lack of candor charge. *See Hoofman v. Department of the Army*, 118 M.S.P.R. 532, ¶¶ 13-15 (2012) (finding that the appellant lacked candor when he failed to explain the circumstances surrounding his request for 10 days of leave and attempted to conceal his wrongdoing), *aff'd*, 526 F. App'x 982 (Fed. Cir. 2013).

---

[2] The agency's response to the petition for review was untimely filed by 6 hours. Upon consideration of the agency's explanation of the circumstances surrounding its untimely filing, PFR File, Tab 11, we find good cause for the minimal delay, *see* 5 C.F.R. § 1201.114(g).

[3] *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

<u>The agency established nexus.</u>

In addition to proving its charge by preponderant evidence, the agency must prove that there is a nexus between the appellant's misconduct and the efficiency of the service. The administrative judge did not address nexus, but this error does not warrant reversal of the initial decision. There is a sufficient nexus between an employee's misconduct and the efficiency of the service when the misconduct occurred in part at work. *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987). Also, an employee's lack of candor strikes at the heart of the employer-employee relationship and directly impacts the efficiency of the service. *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 28 (2000), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002). We find that the agency has proven nexus.

<u>The appellant failed to establish her affirmative defenses of sex and disability discrimination.</u>

On review, the appellant challenges the administrative judge's assessment of her affirmative defenses of sex and disability discrimination.[4] PFR File, Tab 4 at 20-24. She asserts that her supervisor, who was the proposing official, made disparaging comments about female employees and the appellant's disability. *Id*. at 21-22. She also asserts that she was treated differently than male and non-disabled employees who were only required to produce rudimentary medical documentation to obtain advanced sick leave and leave donations. *Id*. at 22-23. She claims that the agency's actions were mere pretext for discrimination because the agency began investigating her medical documentation after it became aware

---

[4] In discussing her affirmative defenses, the appellant states that an agency decision will not be sustained if she shows harmful procedural error in the application of the agency's procedures, but she offers no evidence or argument for such a claim. PFR File, Tab 4 at 20. Moreover, the appellant did not preserve this issue below. IAF, Tab 24 at 3. The Board will generally not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made this showing, and we do not consider this claim on review.

that she was planning to pursue an equal employment opportunity (EEO) complaint. *Id*. at 23-24.

To prove an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, or discrimination on the basis of disability under the Rehabilitation Act, an appellant must prove that discrimination or retaliation was at least a motivating factor in the agency's action. *Pridgen v. Office of Management and Budget,* 2022 MSPB 31, ¶¶ 21-25, 40. An appellant may prove discrimination by various methods, and no one method is the exclusive path to a finding of liability. *Id.*, ¶ 23. Those methods may include: (1) direct evidence;[5] (2) circumstantial evidence, which may include (a) evidence of "suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn," also known as a "convincing mosaic"; (b) comparator evidence, consisting of "evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic . . . on which an employer is forbidden to base a difference in treatment received systematically better treatment"; (c) evidence that the agency's stated reason for its action is "unworthy of belief, a mere pretext for discrimination" (i.e., the burden-shifting standard under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)); and (3) some combination of direct and indirect evidence. *Id.*, ¶ 24.

The administrative judge found that the appellant did not present direct or circumstantial evidence that she was subjected to disparate treatment based on her sex and disability; thus, she failed to prove that her sex or disability was a motivating factor in the agency's decision to remove her. ID at 35-40. In so finding, the administrative judge stated that the appellant did not identify any comparator employees who were not removed for engaging in the same or

---

[5] Direct evidence may be any statement by an employer that reflects directly the alleged discriminatory attitude and bears directly on the contested employment discrimination. *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 40 (2012).

similar misconduct, and the evidence that she provided to create an inference of discriminatory intent on the part of her supervisor was too speculative or was contradicted by the record. ID at 35-36. The administrative judge noted that the appellant raised allegations that male and non-disabled employees received preferential treatment for sick leave usage, but he found speculative her belief about the nature of the potential comparators' conditions, and she failed to identify any male or non-disabled employees who used rudimentary documentation to obtain advanced sick leave and/or leave donations during her last year of employment. ID at 36-37. He further observed that, by her own admission, the appellant's supervisor was lenient with respect to the medical documentation that she needed to provide for sick leave usage until December 2016, when the agency began imposing more stringent requirements on its employees in response to a complaint, and that he continued to approve her requests for sick leave despite her refusal to comply with his instructions to provide the requested documentation for several months afterwards. ID at 37-39. We discern no error with the administrative judge's analysis of her claims or his finding that the appellant failed to prove her affirmative defenses of sex and disability discrimination.

The penalty of removal was reasonable.

Finally, the appellant argues on review that the penalty of removal is excessive. PFR File, Tab 4 at 13-20. Because the agency's single charge is sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *See Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010); *see also Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct).

The administrative judge properly found that the deciding official "thoroughly and carefully" considered the relevant *Douglas* factors in making his decision to remove the appellant. ID at 32-33. The record reflects that the deciding official gave specific attention to the seriousness of the appellant's misconduct, the supervisory position that she held, and management's loss of trust and confidence in her ability to perform her assigned duties following her misconduct. IAF, Tab 11 at 21-23. He also considered the relevant mitigating factors, such as the appellant's 25 ½ years of satisfactory Government service, consistently acceptable performance ratings, and the fact that her medical issues caused her stress and anxiety. *Id.* at 22.

The appellant alleges on review that the deciding official gave insufficient weight to her potential for rehabilitation. PFR File, Tab 4 at 17-18. The deciding official noted, however, that the appellant's attempts to rationalize or minimize her misconduct, coupled with her history of resistance to submitting medical documentation, cast doubt on her potential for rehabilitation. IAF, Tab 11 at 21-22. The appellant's failure to recognize that her actions were improper and to take responsibility for her proven misconduct weighs against a finding of rehabilitative potential. *See Render v. Department of Veterans Affairs*, 90 M.S.P.R. 441, 447 (2001). In addition, the appellant only expressed remorse for her actions after her misconduct was discovered, which further diminishes its value. *See Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 13 (2015).

The appellant further asserts that her efforts to seek treatment for her medical conditions indicate a potential for rehabilitation. PFR File, Tab 4 at 17-18 (citing *Vitanza v. U.S. Postal Service*, 89 M.S.P.R. 319 (2001)). The Board has held that evidence that an employee's medical condition or mental impairment played a part in the charged conduct is ordinarily entitled to considerable weight as a mitigating factor. *Malloy v. U.S. Postal Service*, 578 F.3d 1351, 1357 (Fed. Cir. 2009); *Roseman v. Department of the Treasury*, 76 M.S.P.R. 334, 345 (1997). We have considered the evidence surrounding the

appellant's conditions, but we find that it does not outweigh other relevant factors, such as the nature and seriousness of the misconduct. Importantly, the appellant does not explain or provide any evidence as to how her medical conditions, IAF, Tab 29 at 30, 50, played a role in the misconduct. Moreover, the appellant does not indicate how her efforts to seek treatment support finding a potential for rehabilitation. *See, e.g.*, *Mingledough v. Department of Veterans Affairs*, 88 M.S.P.R. 452, ¶ 12 (2001) (noting that a medical condition was not a significant mitigating factor in the absence of evidence that the impairment can be remedied or controlled, i.e., when the potential for rehabilitation was poor). Finally, this matter is distinguishable from *Vitanza*, 89 M.S.P.R. 319, ¶ 6, because there, the deciding official did not consider the appellant's medical conditions as mitigating factors; here, the deciding official considered the appellant's "anxiety and stress" resulting from her medical issues as a mitigating factor in his decision. IAF, Tab 11 at 21-22.

We have considered the appellant's remaining penalty arguments on review, but none warrant a different outcome.[6] We agree with the administrative judge that the deciding official properly considered the relevant *Douglas* factors and that the penalty of removal does not exceed the tolerable limits of reasonableness for the sustained charge of lack of candor. *See Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶¶ 2, 6, 8 (2005) (finding that removal of supervisory police officers was a reasonable penalty for conspiracy and lack of candor despite "significant" mitigating factors because, among other things, lack of candor is a serious offense that strikes at the heart of the employer-employee relationship); *see also Gebhardt v. Department of the Air Force*, 99 M.S.P.R. 49, ¶ 21 (2005) (stating that an agency is entitled to hold a supervisory employee to a higher standard of conduct than a non-supervisory employee because she occupies

---

[6] The appellant's suggestion on review that a lack of candor charge is insufficient by itself to warrant removal is without merit. PFR File, Tab 4 at 10-11. The appropriateness of a penalty in any particular case depends on an analysis of the *Douglas* factors, not on the label the agency affixes to its charge.

a position of trust and responsibility), *aff'd*, 180 F. App'x 951 (Fed. Cir. 2006). Accordingly, the administrative judge properly affirmed the agency's action.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.